UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MID-CITY PARKING, INC., | ) | Case No. 04 B 45177 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |

**FINAL ORDER AUTHORIZING DEBTOR TO INCUR POST-PETITION
INDEBTEDNESS PURSUANT TO SECTION 364(C)(1), GRANTING
SUPER-PRIORITY CLAIMS AND OTHER RELATED RELIEF
AND REDUCING NOTICE THEREON**

Upon consideration of the motion ("Motion")[1] of Mid-City Parking, Inc. ("Mid-City"), pursuant to §364(c)(1), seeking the entry of an order (the "Order") authorizing Mid-City to enter into debtor-in-possession financing, granting super-priority claims and other related relief; the Court having entered the interim order granting the relief requested in the Motion on December 22, 2005; the Court having held the final hearing on the Motion; the Court having determined that the relief requested in the Motion is in the best interests of Mid-City, its estate and creditors; it appearing that due and proper notice of the Motion and the final hearing having been given and that no other or further notice is necessary; and after finding that good and sufficient cause appears therefore on the record; it is **ORDERED** that:

1. The Motion is granted.

2. Mid-City shall be authorized to obtain credit on the following basis:

A. <u>Financing</u>: Mid-City shall be authorized and empowered to immediately borrow from the Proposed Lenders the amount of $60,000.00 (the "Loan").

B. <u>Interest</u>: Prior to maturity or default, the principal balance remaining from time to time unpaid hereunder shall bear interest at a rate equal to the Prime Rate (as defined hereinafter) calculated daily on the basis of a 360-day year for each day any part of the principal balance shall remain outstanding.[2]

---

1   Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

2   As used herein, the "Prime Rate" means the rate of interest announced by Bank of America, Illinois ("BofA") as its prime rate (or equivalent rate of interest). If BofA ceases to announce a "Prime Rate," then the Prime Rate herein shall be determined by reference to the "prime rate" announced by any other national bank selected by the Current Equity Holders.

{4870 ORD A0112286.DOC 2}

C.    **Purpose of Loan**: Mid-City shall use the proceeds of the Loan to fund agreed administrative expenses until confirmation of the Joint Plan in accordance with this Order. No later than December 24, 2005, the Proposed Lenders shall cause MB Financial Bank, N.A. ("MB") to wire transfer the proceeds of the Loan to an account designated by the Committee, with such proceeds to be irrevocably applied to any outstanding interim fee applications and as otherwise set forth in the Joint Plan.

D.    **Maturity Date**: The maturity date of the Loan will be the earlier of (i) the Effective Date (as defined in the Joint Plan), (ii) the approval of a party other than the current equity holders as the Winning Bidder at the Auction, or (iii) the withdrawal of the Joint Plan by Mid-City and the Committee as set forth therein, unless extended by further by agreement between Mid-City and current equity holders. In the event the current equity holders are the Winning Bidder at the Auction, then the current equity holders shall credit the Loan against the Cash Contribution.

E.    **Repayment Rights**: The Proposed Lenders shall receive a promissory note payable from Mid-City in the amount of the Loan (the "Note"). The Proposed Lenders shall have a superpriority claim for repayment of the Note pursuant to section 364(c)(1) of the Bankruptcy Code, with such claim to have priority over any or all administrative expenses of the kind specified in §§ 503(b) and 507(b); provided, however, the superpriority rights and claims of the Proposed Lenders shall be junior and subordinate in all respects to the rights, claims and liens of MB.

F.    **Terms Survival**:

(i)    The provisions of the Order and any actions taken pursuant thereto shall survive entry of any order that may be entered converting the Case to a Chapter 7 case or any order that may be entered confirming or consummating any plan or plan of reorganization of Mid-City, and the terms and provisions of the Order as well as the priorities in payment granted to the Order shall continue in the Case or any superseding cases(s) under the Bankruptcy Code, and such priorities in payment shall maintain their priority as provided by the Order until the Loan is indefeasibly satisfied and discharged.

(ii)    The provisions of the Order shall inure to the benefit of Mid-City and the Proposed Lenders, and they shall be binding upon Mid-City and its respective successor and assigns, including any Trustees or other fiduciaries hereafter appointed as legal representatives of Mid-City or with respect to property of the estate of Mid-City, whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case, and shall also be binding upon all creditors of Mid-City and other parties in interest.

3.    This Court finds that the Loan to have been extended in good faith and that the Proposed Lenders shall be entitled to rely on section 364(e) of the Bankruptcy Code for purposes of the Loan and this Order.

4. Notice of the Motion is limited and shortened to the notice given. A final hearing on the Loan shall be held contemporaneous with confirmation, or at such earlier date as may be approved by the Court.

5. The Court shall retain jurisdiction to enforce the terms of this Order.

**ENTER:**

Dated: ~~January~~ Feb. 2, 2006

J. Cox   *Jacqueline P. Cox*
United States Bankruptcy Judge

{4870 ORD A0112286.DOC 2}                3