UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MID-CITY PARKING, INC., | ) | Case No. 04 B 45177 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |

Hearing Date: June 28, 2006
Hearing Time: 9:30 a.m.

## NOTICE OF APPLICATION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **June 28, 2006 at 10:00 a.m.,** or as soon as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox,** Bankruptcy Judge, in courtroom 619 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present **FIRST AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF,** a copy of which is hereby served upon you.

Allen J. Guon
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60610
(312) 541-0151

## CERTIFICATE OF SERVICE

Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing **Notice** and **Application** upon the attached Service List via Federal Express, from 321 N. Clark Street, Chicago, Illinois on June 12, 2006.

/s/ Allen J. Guon

{4870 APPL A0131796.DOC}   2

# MASTER SERVICE LIST
# MID-CITY PARKING, INC.
# CASE NO. 04 B 45177

Michael M. Eidelman
Allyson B. Russo
Vedder Price Kaufman & Kammholz PC
222 N. LaSalle St., Suite 2600
Chicago, IL 60601
Phone: (312) 609-7636
Fax:    (312) 609-5005
meidelman@vedderprice.com
*Counsel to the Lender*

Roman L. Sukley
Office of the U.S. Trustee
Northern District of Illinois
227 W. Monroe St., Suite 3350
Chicago, IL 60606
Phone: (312) 886-3327
Fax:    (312) 886-5794

William Sommerfeld
Mid-City Parking, Inc.
325 W. Huron, #713
Chicago, IL 60610
Phone: (312) 664-1400
Fax:    (312) 664-9484

Gilbert Weisman
American Express Bank FSB and
    American Express Travel Related
    Services Co., Inc.
c/o Becket and Lee, LLP
P.O. Box 3001
16 General Warren Boulevard
Malvern, PA 19355
Phone: (610) 644-7800
Fax:    (610) 993-8493
notices@becket-lee.com

Thomas J. Angell
Jacobs, Burns, Orlove, Stanton &
Hernandez
122 S. Michigan Ave., Suite 1720
Chicago, IL 60603-6145
Phone: (312) 327-3437
Fax:    (312) 580-7175

Aaron L. Hammer
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606-6677
Phone: (312) 360-6558 (Hammer)
Fax:    (312) 360-6571
*Counsel to Unsecured Creditors Committee*

Scott R. Clar
Crane Heyman Simon Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
Phone: (312) 641-6777
Fax:    (312) 641-7114
sclar@craneheyman.com

Benjamin J. Randall
Randall & Kenig LLP
455 N. Cityfront Plaza Dr., Suite 3160
Chicago, IL 60611
Phone: (312) 822-0800
Fax:    (312) 822-0215

Jonathan W. Young
David P. Vallas
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Suite 3000
Chicago, IL 60606-1229
Phone: (312) 201-2000
Fax:    (312) 201-2555
*Counsel to William and Constance Sommerfeld*

Gregory J. Scandaglia
Scandaglia & Ryan
55 E. Monroe St., Suite 3930
Chicago, IL 60603
Phone: (312) 580-2020
Fax:    (312) 782-3806

| | |
|---|---|
| Michael Terebo | Robert J. Labate |
| Leon N. Stiles Jr. | Holland & Knight LLP |
| Cook County Department of Revenue | 131 S. Dearborn St., 30th Floor |
| Cook County State's Attorney's Office | Chicago, IL  60603 |
| 500 Richard J. Daley Center | Phone: (312) 715-5751 |
| Chicago, IL  60602 | Fax:    (312) 578-6666 |
| Phone: (312) 603-6672 | |
| Fax:    (312) 603-3000 | |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MID-CITY PARKING, INC., | ) | Case No. 04 B 45177 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |

Hearing Date: June 28, 2006
Hearing Time: 9:30 a.m.

**FIRST AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**

Robert W. Glantz and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "Shaw Gussis") applies to this Court (the "Application"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the allowance of $249,476.00 in compensation for approximately 850 hours of professional services rendered on behalf of Mid-City Parking, Inc. (the "Debtor") and for the reimbursement of $12,402.32 for costs incurred incidental to those services during the period of December 8, 2004 to May 18, 2006 (the "Application Period"). In support of this Application, Shaw Gussis respectfully states as follows:

## BACKGROUND

1. On December 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case (the "Case").

2.      On April 12, 2006, this Court entered an order confirming the First Amended Joint Plan of Reorganization (the "Plan") of the Debtor and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on or about May 15, 2006.

3.      This Court has retained jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## RETENTION OF SHAW GUSSIS

4.      On or about December 16, 2004 the Debtor presented a motion to the Court for an order approving the retention (the "Retention Application") of Shaw Gussis as its general bankruptcy counsel in connection with this Case. On December 16, 2004, this Court entered an order (the "Retention Order") authorizing the Debtor to employ Shaw Gussis effective as of the Petition Date.

5.      On or about January 6, 2005 the Court entered an order authorizing the Debtor to pay a post-petition retainer to Shaw Gussis in the amount of $30,000.00.

## GENERAL STATUS OF THE CASE

6.      After filing this Case, the Debtor sought to work with its creditors and develop a plan to reorganize its debts and emerge from bankruptcy as a going concern.

7.      Accordingly, since the Petition Date, the Debtor, has administered his estate as debtor in possession, negotiated at length with his creditors, formulated the First Amended Joint Chapter 11 Plan of reorganize (the "Plan"), and had that Plan confirmed by this Court.

## THE SERVICES RENDERED BY SHAW GUSSIS GENERALLY

8.      In the aggregate, Shaw Gussis' attorneys and paralegals have spent over 853 hours providing professional services on behalf of the Debtor in connection with his Case during the Application Period. All of the services for which compensation is requested were services

2                                               {4870 APPL A0131796.DOC}

which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such services.

9. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis' services during the Application Period, and in compliance with Local Rule 5082-1, Shaw Gussis has classified its services into nine (9) separate categories of services which are included as separate appendices to this Application. The following are the generalized subject matters for each appendix:

**Appendix 1:** **Case Administration**: services pertaining to general case administration, including but not limited to, preparation for and participation in hearings, meetings, telephone conferences and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon.

**Appendix 2:** **Cash Collateral/DIP Financing**: services pertaining to the negotiation with its secured lenders for the use of cash collateral and additional financing during the case, including but not limited to, the negotiation of terms and the preparation of motions and the participation in hearings for the approval of same.

**Appendix 3:** **Creditors and Claims**: services pertaining to general creditor issues and disputes, including communications and correspondence with individual creditors and negotiation of a consensual resolution of claims.

**Appendix 4:** **Employee Issues**: services pertaining to issues arising with respect to the Debtor's employees and negotiations with the union representing certain of the Debtor.

**Appendix 5:** **Executory Contracts**: services pertaining to the re-negotiations of and assumption or rejection of certain (non-lease) executory contracts.

**Appendix 6:** **Plan and Disclosure Statement**: services pertaining to the Debtor's Plan and disclosure statement including, but not limited to drafting and negotiating the terms of the Plan, the form of the disclosure statement, and resolving the objections to the Plan.

**Appendix 7:** **Statements and Schedules**: services pertaining to the preparation and amendments to the Debtors' Statements and Schedules filed in the Case.

3

{4870 APPL A0131796.DOC}

**Appendix 8**: **Unexpired Leases**: services pertaining to the re-negotiations of and assumption or rejection of the leases of the Debtor, including but not limited to, the negotiation of terms and the preparation of motions and the participation in hearings for the approval of same.

**Appendix 9**: **Utility Issues**: services pertaining to issues arising with respect to certain utility providers of the Debtor.

10. All of the services for which compensation is requested were rendered in connection with the Debtor's Case and related matters. All of the time described in the annexed appendices represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Gussis who rendered the described services. In certain instances, the time reflected in the appendices has been reduced in an effort by Shaw Gussis to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services.

## SERVICES RENDERED BY SHAW GUSSIS – CATEGORIZED BY MATTER

11. The professional services that Shaw Gussis rendered during the Application Period are grouped into the numbered categories described below.

**Appendix 1: Administrative (Fees: $24,995.00/ Hours: 93.70)**

12. This subject matter includes services pertaining to general case administration, including but not limited to preparation for and participation in hearings, meetings, telephone conferences and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon. Specifically, this subject matter includes: (i) preparing and presenting the Debtor's "first day" motions; (ii) preparing and participating in the Section 341 meeting of creditors; (iii) preparing and filing of monthly operating reports; (iv) conducting general case management; and (v) preparing for and participating in discussions with the Debtor regarding the continued administration of the case.

13. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 1.

{4870 APPL A0131796.DOC}

**Appendix 2: Cash Collateral and DIP Financing (Fees: $12,848.50/ Hours: 39.90)**

14. This subject matter includes services pertaining to services pertaining to the negotiation with its secured lenders for the use of cash collateral and additional financing during the case, including but not limited to, the negotiation of terms and the preparation of motions and the participation in hearings for the approval of same. Specifically, this subject matter includes: (i) the negotiation with MB Bank (the "Bank") and preparation and presentment of motions for the entry of interim and final orders for the use of cash collateral (ii) conferences with the Debtor regarding cash collateral budget issues and (iii) the negotiation and presentment of a Motion and order approving certain post-petition financing provided to the Debtor by certain of its insiders.

15. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 2.

**Appendix 3: Creditors and Claims (Fees: $26,960.50/ Hours: 88.10)**

16. This subject matter includes services pertaining to general creditor issues and disputes, including communications and correspondence with individual creditors and negotiations that culminated in the Plan. Specifically, this subject matter includes: (i) researching potential avoidance actions with respect to certain creditors; (i) researching issues related to certain landlords' administrative claims, rejection damage claims, (ii) research potential appeal and stay violation issues with respect to the Clark/Polk litigation, (iii) research late filed claims issues and prepare and prosecute objection to late filed claim of Clark/Polk (iv) negotiations and preparation of settlement with respect to a settlement of Clark/Polk claim (v) communicating with the client and other parties and regarding claim objections; and (vi) preparing, filing and presenting of a motion to fix claims bar date.

17. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 3.

**Appendix 4: Employee Issues (Fees: $2,650/ Hours: 10)**

18.     This subject matter includes services rendered in connection with services pertaining to issues arising with respect to the Debtor's employees, including analyzing the status of certain employee claims and negotiations with the union representing certain of the Debtor.

19.     As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 4.

**Appendix 5: Executory Contracts: $942/ Hours: 4.6)**

20.     This subject matter includes services rendered in connection with services pertaining to issues arising with respect to the certain of the Debtor's executory contracts, including but not limited to re-negotiations of and assumption or rejection of certain (non-lease) executory contracts.

21.     As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 5

**Appendix 6: Plan and Disclosure Statement (Fees: $121,088.00/ Hours: 394)**

22.     This subject matter includes services rendered in connection with negotiating and drafting the Plan and accompanying disclosure statement in this case. Specifically, this subject matter includes: (i) meeting with the client and negotiating with Committee and Bank regarding potential consensual plan; (ii) Research issues arising with respect to preparation of a consensual plan; (iii) drafting the Debtor's Plan and disclosure statement; (iv) reviewing, analyzing, and categorizing the claims filed in the Debtor's case in order to provide a liquidation analysis and draft the Plan; (v) negotiating various provisions of the Plan with the Bank; (vi) analyzing tax issues related to the Plan; (vii) preparing, filing, and presenting of motion for hearing on adequacy of disclosure statement and for confirmation of the Plan; (viii) preparing, filing, and serving of revised Plan and disclosure statement; (ix) obtaining UST's approval of the Plan and

{4870 APPL A0131796.DOC}

disclosure statement; and (x) preparing for hearing on plan confirmation and resolving plan objections.

23. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as <u>Exhibit 6</u>.

**Appendix 7: Statements and Schedules (Fees: $6,858.50/ Hours: 28.10)**

24. This subject matter includes services pertaining to the preparation and amendments to the Debtors' Statements and Schedules filed in the Case.

25. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as <u>Exhibit 7</u>.

**Appendix 8: Unexpired Leases (Fees: $51,392.50/ Hours: 187.10)**

26. This subject matter includes services rendered in connection with the analysis and review, re-negotiations of the terms of, and assumption or rejection of the many commercial leases real property of the Debtor, including but not limited to, (i) the negotiation of and review of new lease terms (ii) the drafting of many lease amendments and settlement agreements with landlords, (iii) preparation and presentation of motions for additional time to assume or reject leases, (iii) the settlement of claims of landlords, and (iv) the preparation of motions and the participation in hearings for the approval of new lease terms and settlements with landlords.

27. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as <u>Exhibit 8</u>.

**Appendix 9: Utility Issues (Fees: $1,741/ Hours: 6.4)**

28. This subject matter includes services pertaining to issues arising with respect to certain utility providers of the Debtor.

29. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as <u>Exhibit 9</u>.

{4870 APPL A0131796.DOC}

## SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

30. In summary, the lodestar amount of compensation sought with respect to the five categories of services set forth above is $249,476.00 (the "Lodestar Amount"). In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories can be summarized as follows:

### PROFESSIONAL RATE CHART

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Robert W. Glantz | Partner | $395 | 214.30 | $84,648.50 |
| Robert M. Fishman | Partner | $490 | 2.5 | $1,225.00 |
| Brian L. Shaw | Partner | $350 | 2.6 | $910.00 |
| Jeffrey L. Widman | Partner | $350 | .5 | $175.00 |
| Allen J. Guon | Associate | $265 | 585.50 | $155,157.50 |
| John Sheldon | Associate | $200 | 1.7 | $340.00 |
| Matthew A. Swanson | Associate | $265 | 1.0 | $265.00 |
| Patricia M. Fredericks | Paralegal | $170 | 37.0 | $6,347.00 |
| Natasha Bastaic | Paralegal | $60 | .5 | $30.00 |
| Kela Ellis | Paralegal | $60 | 5.80 | $348.00 |
| Darron Brown | Paralegal | $60 | .5 | $30.00 |
| | | Total: | 851.90 | $249,476.00 |

31. The hourly rates charged by Shaw Gussis with respect to the Debtor's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis attorneys and paralegals providing services to the Debtor in connection with this Case. Further, the amount of time spent by Shaw Gussis with respect to the Debtor's chapter 11 case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.

32. The Lodestar Amount for all of the services rendered by Shaw Gussis during the Application Period is $249,479.00. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such

services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the Lodestar Amount represents a fair and reasonable amount for the allowance of interim compensation in this case.

### THE EXPENSES REQUESTED

33. All of the expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

| Internal Photocopy | 10¢ per page |
|---|---|
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Long Distance Telephone | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Westlaw/Lexis/Pacer) | actual cost |
| Postage | actual cost when over $1.00 (no charge for routine postage on items less than $1.00) |
| Overnight Delivery (*e.g.*, Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

34. The specific expenses for which reimbursement is requested during the Application Period are set forth on Exhibit 10.

35. All of the expenses for which reimbursement is sought are costs actually borne by Shaw Gussis and were necessarily incurred in connection with this case. With respect to PACER and WESTLAW expenses incurred by Shaw Gussis, Shaw Gussis is requesting reimbursement

related to WESTLAW research of (1) legal authority in support of the Debtor's "first day" motions; (2) legal authority regarding the cash collateral issues; (3) legal authority regarding landlord administrative claims for use of real property; (4) legal authority regarding allowance of late filed claims and excusable neglect; and (5) legal authority regarding the adequacy of disclosure statements and requirements for plan confirmation.

36. As noted previously, all of the expenses for which reimbursement is requested are of the type and amount of expense that Shaw Gussis customarily recoups from all of Shaw Gussis' clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

### COMPENSATION AND EXPENSES RECEIVED TO DATE BY SHAW GUSSIS

37. As disclosed in the Retention Application, Shaw Gussis received a $30,000.00 retainer from the Debtor subsequent to the Petition Date. Shaw Gussis respectfully requests that it be allowed to apply the $30,000.00 retainer to satisfy a portion of the fees and expenses incurred during the Application Period and that the Debtor or the liquidating agent under the Plan be allowed to pay additional fees and expenses incurred during the Application in the amount of $150,000.00, which is the amount previously agreed upon by Shaw Gussis pursuant to the terms of the Plan.

### COMPLIANCE WITH SECTION 504

38. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

### NOTICE

39. Notice of this Application has been provided to the Office of the United States Trustee and to all of the Debtor's known creditors. Based on the extent of the notice already

provided, Shaw Gussis respectfully requests that additional notice of the hearing on this Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2006(a)(6), 2002(i) and 9007.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that:

(a) allows Shaw Gussis $249,476.00 in final compensation for the Application Period of December 8, 2004 through May 18, 2006;

(b) allows Shaw Gussis $12,402.32 in expense reimbursement for the Application Period of December 8, 2004 through May 18, 2006;

(c) authorizes and directs the Debtor or the liquidating trustee to pay Shaw Gussis $150,000.00;

(d) waives other and further notice of this hearing with respect to this Application; and

(e) provides Shaw Gussis with such additional relief as may be appropriate under the circumstances.

Respectfully submitted,

Shaw Gussis Fishman Glantz Wolfson &
Towbin LLC, counsel to the Debtor,

Dated: June 12, 2006

By: /s/ Allen J. Guon
    One of the Debtor's attorneys

Robert W. Glantz (#6201207)
Allen J. Guon (#6244526)
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Telephone: (312) 541-0151
Facsimile: (312) 980-3888

{4870 APPL A0131796.DOC}