UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MID-CITY PARKING, INC., | ) | Case No. 04 B 45177 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: August 15, 2006 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **August 15, 2006 at 9:30 a.m.,** or as soon as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox,** Bankruptcy Judge, in courtroom 619 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present **FIRST AND FINAL APPLICATION OF SAMUEL M. SORKIN, AS ACCOUNTANT FOR THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF,** a copy of which is hereby served upon you.

　　　　　　　　　　　　　　　　　　　　Allen J. Guon
　　　　　　　　　　　　　　　　　　　　Shaw Gussis Fishman Glantz
　　　　　　　　　　　　　　　　　　　　　Wolfson & Towbin LLC
　　　　　　　　　　　　　　　　　　　　321 North Clark Street, Suite 800
　　　　　　　　　　　　　　　　　　　　Chicago, IL  60610
　　　　　　　　　　　　　　　　　　　　(312) 541-0151

## CERTIFICATE OF SERVICE

Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing **Notice of Motion** and **Application** upon the attached Service List, from 321 N. Clark Street, Chicago, Illinois on July 14, 2006.

　　　　　　　　　　　　　　　　　　　　/s/ Allen J. Guon

{4870 APPL A0134874.DOC}　　　　　　　　2

# MASTER SERVICE LIST
# MID-CITY PARKING, INC.
# CASE NO. 04 B 45177

Michael M. Eidelman
Allyson B. Russo
Vedder Price Kaufman & Kammholz PC
222 N. LaSalle St., Suite 2600
Chicago, IL  60601
Phone: (312) 609-7636
Fax:    (312) 609-5005
meidelman@vedderprice.com
*Counsel to the Lender*

Roman L. Sukley
Office of the U.S. Trustee
Northern District of Illinois
227 W. Monroe St., Suite 3350
Chicago, IL  60606
Phone: (312) 886-3327
Fax:    (312) 886-5794

William Sommerfeld
Mid-City Parking, Inc.
325 W. Huron, #713
Chicago, IL  60610
Phone: (312) 664-1400
Fax:    (312) 664-9484

Gilbert Weisman
American Express Bank FSB and
    American Express Travel Related
    Services Co., Inc.
c/o Becket and Lee, LLP
P.O. Box 3001
16 General Warren Boulevard
Malvern, PA  19355
Phone: (610) 644-7800
Fax:    (610) 993-8493
notices@becket-lee.com

Thomas J. Angell
Jacobs, Burns, Orlove, Stanton &
Hernandez
122 S. Michigan Ave., Suite 1720
Chicago, IL  60603-6145
Phone: (312) 327-3437
Fax:    (312) 580-7175

Aaron L. Hammer
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL  60606-6677
Phone: (312) 360-6558 (Hammer)
Fax:    (312) 360-6571
*Counsel to Unsecured Creditors Committee*

Scott R. Clar
Crane Heyman Simon Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, IL  60603
Phone: (312) 641-6777
Fax:    (312) 641-7114
sclar@craneheyman.com

Benjamin J. Randall
Randall & Kenig LLP
455 N. Cityfront Plaza Dr., Suite 3160
Chicago, IL  60611
Phone: (312) 822-0800
Fax:    (312) 822-0215

Jonathan W. Young
David P. Vallas
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Suite 3000
Chicago, IL  60606-1229
Phone: (312) 201-2000
Fax:    (312) 201-2555
*Counsel to William and Constance Sommerfeld*

Gregory J. Scandaglia
Scandaglia & Ryan
55 E. Monroe St., Suite 3930
Chicago, IL  60603
Phone: (312) 580-2020
Fax:    (312) 782-3806

| | |
|---|---|
| Michael Terebo | Robert J. Labate |
| Leon N. Stiles Jr. | Holland & Knight LLP |
| Cook County Department of Revenue | 131 S. Dearborn St., 30th Floor |
| Cook County State's Attorney's Office | Chicago, IL  60603 |
| 500 Richard J. Daley Center | Phone: (312) 715-5751 |
| Chicago, IL  60602 | Fax:    (312) 578-6666 |
| Phone: (312) 603-6672 | |
| Fax:    (312) 603-3000 | |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MID-CITY PARKING, INC., | ) | Case No. 04 B 45177 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: August 15, 2006 |
| | ) | Hearing Time: 9:30 a.m. |

### FIRST AND FINAL APPLICATION OF SAMUEL M. SORKIN, AS ACCOUNTANT FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSESAND FOR RELATED RELIEF

Samuel M. Sorkin, CPA ("Sorkin") applies to this Court (the "Application"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the allowance of $24,514.50 in compensation for professional services rendered on behalf of Mid-City Parking, Inc. (the "Debtor") and for the reimbursement of $39.00 for costs incurred incidental to those services during the period of December 17, 2004 to March 6, 2006 (the "Application Period"). In support of this Application, Sorkin respectfully states as follows:

### BACKGROUND

1. On December 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case (the "Case").

2. On April 12, 2006, this Court entered an order confirming the First Amended Joint Plan of Reorganization (the "Plan") of the Debtor and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on or about May 15, 2006.

{4870 APPL A0134874.DOC}

3. This Court has retained jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## RETENTION OF SORKIN

4. On or about January 6, 2005, the Debtor presented a motion to the Court for an order approving the retention (the "Retention Application") of Sorkin as its accountant in connection with this Case. On January 6, 2005, this Court entered an order (the "Retention Order") authorizing the Debtor to employ Sorkin effective as of December 17, 2004.

5. On or about January 6, 2005, the Court entered an order authorizing the Debtor to pay a post-petition retainer to Sorkin in the amount of $3,000.00. *However, the Debtor did not pay the retainer to Sorkin.*

## GENERAL STATUS OF THE CASE

6. After filing this Case, the Debtor sought to work with its creditors and develop a plan to reorganize its debts and emerge from bankruptcy as a going concern.

7. Accordingly, since the Petition Date, the Debtor has administered his estate as debtor in possession, negotiated at length with his creditors, formulated the First Amended Joint Chapter 11 Plan of reorganization (the "Plan"), and had that Plan confirmed by this Court.

## THE SERVICES RENDERED BY SORKIN

8. In the aggregate, Sorkin and his professionals have spent over 207 hours providing professional services on behalf of the Debtor in connection with his Case during the Application Period. All of the services for which compensation is requested were services which, in Sorkin's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such services.

{4870 APPL A0134874.DOC}

9.  In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Sorkin's services during the Application Period, and in compliance with Local Rule 5082-1, Sorkin has classified its services into seven (7) separate categories of services which are included as part of the invoice ("Invoice") attached to this Application as Exhibit A.

10. All of the services for which compensation is requested were rendered in connection with the Debtor's Case and related matters. All of the time described in the Invoice represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by Sorkin or other professionals at his firm who rendered the described services. In certain instances, the time reflected in the invoice has been reduced in an effort by Sorkin to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services.

## SERVICES RENDERED BY SORKIN – CATEGORIZED BY MATTER

11. The professional services that Sorkin rendered during the Application Period are grouped into the numbered categories described below.

### A. Preparation of Bankruptcy Schedules (Fees: $1,125.00 / Hours: 9.0)

12. Sorkin expended 9.0 hours of professional services having a value of $1,125.00 in connection with services pertaining to preparation of the Debtor's schedules and statement of financial affairs filed in this Case. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject is set forth in the Invoice.

### B. Preparation of Debtor's Budgets (Fees: $1,012.50 / Hours: 8.1)

13. Sorkin expended 8.1 hours of professional services having a value of $1,025.50 in connection with services pertaining to assisting the Debtor prepare its postpetiton budget. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is set forth in the Invoice.

### C. Preparation of 2004 Financial Statements (Fees: $14,589.50/ Hours: 126.2)

14. Sorkin expended 126.2 hours of professional services having a value of $14,589.50 in connection with services pertaining to the preparation of the Debtor's 2004 financial statements. Services rendered by Sorkin in this category generally include, among other things, the following: (a) obtaining and examining the Debtor's schedules of assets and expenses, the company's general ledger and other financial documents, (b) preparing the 2004 trial balance, (c) preparing income and expense reports, (d) participating in discussions with the Debtor and its counsel concerning the financial statements; (e) preparing and revising 2004 financial statements. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is set forth in the Invoice.

### D. Tax Planning for the Debtor (Fees: $750.00/ Hours: 6.0)

15. Sorkin expended 6.0 hours of professional services having a value of $750.00 in connection with services pertaining to the Debtor's tax planning. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is set forth in the Invoice.

### E. Preparation of Amended Tax Returns ($520.00/ Hours: 4.4)

16. Sorkin expended 4.4 hours of professional services having a value of $520.00 in connection with services pertaining to the preparation of the Debtor's amended 1999, 2000 and 2003 Illinois income tax returns resulting from the Internal Revenue Service's audit of 1999 and 2000. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is set forth in the Invoice.

### F. Mid-City Plan of Reorganization (Fees: $4,969.50/ Hours: 40.70)

17. Sorkin expended 40.70 hours of professional services having a value of $4,969.50 in connection with services pertaining to the Debtor's Plan of Reorganization and the Plan

{4870 APPL A0134874.DOC}

objections filed by Thomas Zajac ("Zajac"). Services rendered by Sorkin in this category generally include, among other things, the following: (a) preparation and analysis of revenue and expenses for the years of 1997 through 2005 for both the Debtor and Mid-City Investments in order to support the basis for the Debtor's claims against Mid-City Investments, (b) preparation of spreadsheet analyzing the loan from the Debtor to Mid-City Investments, (c) preparation for possible deposition on issues related to Debtor's transaction with Mid-City Investments, and (d) multiple discussions with the Debtor and its counsel concerning the Debtor's Plan and Zajac's objections thereto. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is set forth in the Invoice.

### G.   Preparation of Financial Statement of Mid-City Investments in order to Oppose Plan Objection by Thomas Zajac (Fees: $1,587.00/ Hours: 13.3)

18.    Sorkin expended 13.3 hours of professional services having a value of $1,587.00 in connection with services pertaining to the preparation of 2005 Mid-City Investments, Inc. financial statements in order to assist the Debtor in responding to the Plan objection of Zajac. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is set forth in the Invoice.

### SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

19.    In summary, the lodestar amount of compensation sought with respect to the five categories of services set forth above is $24,514.50 (the "Lodestar Amount"). In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories can be summarized as follows:

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Samuel M. Sorkin | CPA | $125 | 186.9 | $23,362.50 |
| Scott Lingenfelser | CPA | $90.00 | 2.8 | $252.00 |
| Nancy Kline | Project Assistant | $50.00 | 18.0 | $900.00 |
|  |  | Total: | 207.7 | $24,514.50 |

20. The hourly rates charged by Sorkin with respect to the Debtor's case compare favorably with the rates charged by other Chicago metropolitan area accounting firms having certified public accountants with similar experience and expertise as the Sorkin professional and paralegals providing services to the Debtor in connection with this Case. Further, the amount of time spent by Sorkin with respect to the Debtor's chapter 11 case is reasonable given the difficulty of the issues presented and the time constraints imposed by the circumstances.

21. The Lodestar Amount for all of the services rendered by Sorkin during the Application Period is $24,514.50. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled accountants in other bankruptcy and non-bankruptcy matters, Sorkin respectfully submits that the Lodestar Amount represents a fair and reasonable amount for the allowance of interim compensation in this case.

## THE EXPENSES REQUESTED

22. The expenses for which reimbursement is requested are expenses which Sorkin customarily recoups from all of his clients. In this Case, Sorkin only seeks the reimbursement of $39.00 for Federal Express charges. The reimbursement of Federal Express charges constitute the type and amount previously allowed by bankruptcy judges in this and other districts.

## COMPLIANCE WITH SECTION 504

23. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Sorkin any other firm, person or entity for the sharing or division of any compensation paid or payable to Sorkin.

{4870 APPL A0134874.DOC}

## NOTICE

24.   Notice of this Application has been provided to the Office of the United States Trustee and to all of the Debtor's known creditors. Based on the extent of the notice already provided, Sorkin respectfully requests that additional notice of the hearing on this Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2006(a)(6), 2002(i) and 9007.

WHEREFORE, Samuel M. Sorkin, CPA, requests the entry of an order, substantially in the form attached hereto that: (a) allows Sorkin $24,514.50 in final compensation and $39.00 in expense reimbursement for the Application Period of December 17, 2004 through March 6, 2006; (b) authorizes and directs the Debtor or the Debtor to pay Sorkin the amount of $24,553.50; (c) waives other and further notice of this hearing with respect to this Application; and (d) provides Sorkin with such additional relief as may be appropriate under the circumstances.

Respectfully submitted,

Samuel M. Sorkin, CPA

Dated: July 14, 2006

By: /s/ Samuel M. Sorkin
Samuel M. Sorkin

Samuel M. Sorkin, CPA
300 Village Green Drive, Suite 210
Lincolnshire, IL 60069
Telephone: (847) 913-8833
Facsimile: (847) 913-8844

7

{4870 APPL A0134874.DOC}